UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JONES,

        Plaintiff,         Civil Action No. 14-14484
                                        Honorable George Caram Steeh
                                        Magistrate Judge David R. Grand

v.

J. WIERMAN and
ALFRED JONES,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT JONES' MOTION FOR SUMMARY JUDGMENT [24]

This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 by Plaintiff Joseph Jones ("Plaintiff") against Defendant J. Wierman ("Wierman") who, as a nurse practitioner, provided medical treatment to Plaintiff, and against Defendant Alfred Jones ("Jones"), who, as an administrative assistant, denied a prison grievance that Plaintiff had submitted regarding his medical care. An Order of Reference was entered on December 3, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #5). Presently before the Court is Defendant Jones' motion for summary judgment. (Doc. #24). The Court finds that the facts and legal issues are adequately presented in the docket filings, and it declines to order a hearing at this time.

I.        **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Jones' motion for summary judgment **(Doc. #24)** be **GRANTED**.

## II.   REPORT

### A.   Factual Background

At the time he filed his instant complaint, Plaintiff was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan ("JCF"). (Doc. #1 at 1). Plaintiff alleges that before being incarcerated he had been injured while at work. (*Id.* at 5-6). He claims that when he was sent to JCF he had been prescribed Ultram with Neurontin and that he "was given, this treatment until my MP [medical practitioner] felt that I should not be costing this privet [sic] medical Co., what she turned [sic], a lot of money." (*Id.* at 5). Plaintiff claims that his "reports from all other Dr. that I have seen…state that I need the Medication [i.e., Ultram with Neurontin] to be stable." (*Id.*). Plaintiff alleges that instead of his desired medication, JCF medical staff prescribed him Tylenol to treat his pain. (*Id.*).

Plaintiff sued Defendant Nurse Practitioner Wierman because she "has the last word" in terms of what medication Plaintiff receives. (*Id.*). Plaintiff sued Defendant Jones because he reviewed and denied a grievance appeal that Plaintiff had submitted regarding the medication change. Plaintiff alleges that in responding to his grievance appeal, Defendant Jones "simply read what reports he had from the Nurses, and he may or not, have talked to [Defendant] Wierman…I simply look to him to lead, not simply to read and agree with every word. I have not seen nor came into contact with [Defendant Jones] to seek [] imput [sic] on how to over come [sic] going to Court about the issue of medication!" (*Id.* at 8; *see also id.* at 12, Step II Grievance Appeal Response by Defendant Jones).

### B.   Defendant Jones' Motion for Summary Judgment

In his motion for summary judgment, Jones presents two arguments as to why he is entitled to summary judgment. First, Defendant Jones argues that Plaintiff cannot show that he

2

was personally involved in any unconstitutional action because the "mere denial of an administrative grievance does not amount to active unconstitutional behavior." (Doc. #24 at 6 (citing *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Second, Defendant Jones contends that he is entitled to qualified immunity.

### C. Standard of Review

Federal Rule of Civil Procedure 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but

must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)).

**D.     Analysis**

In order to demonstrate liability under §1983 as to any particular defendant, a plaintiff must first establish that that defendant acted under color of state law and that his actions violated rights secured by the Constitution and/or laws of the United States.  *See Baker v. McCollan*, 443 U.S. 137 (1979).  The plaintiff also must make a clear showing that the defendant was personally involved ***in the activity that forms the basis of the complaint***.  *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Moreover, §1983 liability cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability; rather, a defendant can only be liable under §1983 if the plaintiff shows that he personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, ***the allegedly unconstitutional conduct***.  *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421.  A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger §1983 liability.  *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).  Rather, liability under §1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee*, 199 F.3d at 300.

The law in this Circuit is also clear that the mere "'denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.'" *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300).  *See also Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a

prisoner's grievance states no claim of constitutional dimension."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").[1]

As explained above, Plaintiff's only allegation against Defendant Jones is that in denying Plaintiff's Step II Grievance Appeal, Defendant Jones "simply read what reports he had from the Nurses, and he may or not, have talked to [Defendant] Wierman," and that he "look[ed] to him to lead, not simply to read and agree with every word."[2] (Doc. #1 at 8). This is consistent with the other record evidence. Plaintiff attached to his complaint a copy of his Step II Grievance Appeal showing that Defendant Jones reviewed and denied it. (*Id.* at 12). In his affidavit attached to his instant motion, Defendant Jones avers that his "only involvement in this matter was to respond to Plaintiff's Step II grievance appeal." (Doc. #24-2 at ¶ 5). Furthermore, Plaintiff admits that he

---

[1] As highlighted above, a Section 1983 plaintiff must plead and show that each defendant was personally involved *in the activity that forms the basis of the complaint* – here, the decision by Plaintiff's medical treaters to deny certain medication in favor of other medication. *See Martin v. Harvey*, No. 00–1439, 2001 WL 669983, at *2 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Diamond v. Jackson*, No. 15-P164, 2016 WL 411112, at *5 (W.D. Ky. Feb. 2, 2016) ("A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances."). Plaintiff's own complaint makes clear that Defendant Jones played no role in that decision-making process.

[2] To the extent Plaintiff is asserting a claim against Defendant Jones due to his alleged failure to properly "lead" others, such claim fails as a matter of law. As discussed above, *supra* at 4, §1983 liability cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability. *See Monell*, 436 U.S. at 691; *Bellamy*, 729 F.2d at 421. A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger §1983 liability. *See Poe*, 853 F.2d at 429; *Shehee*, 199 F.3d at 300.

never met Defendant Jones, and that he never even sought any input from Defendant Jones as to how he could resolve the matter short of litigation. (Doc. #1 at 8) ("I have not seen nor came into contact with [Defendant Jones] to seek [] imput [sic] on how to over come [sic] going to Court about the issue of medication!"). In light of this evidence and Plaintiff's admissions, he has failed to show that Defendant Jones was personally involved in the alleged unconstitutional activity – the actual decision by Plaintiff's medical treaters to deny certain medication in favor of other medication. Accordingly, Defendant Jones' motion for summary judgment should be granted.[3]

### III.     CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant Alfred Jones' Motion for Summary Judgment [**24**] be **GRANTED.**

Dated: June 24, 2016                                  s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                                  United States Magistrate Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2016.

                                                                  s/Eddrey O. Butts
                                                                  EDDREY O. BUTTS
                                                                  Case Manager

---

[3] Because the Court finds that Defendant Jones' motion for summary judgment should be granted for the above reasons, it need not address his alternative argument that he is entitled to qualified immunity.